PER CURIAM.
| iDenied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second' or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against 1 ¡.successive filings mandatory. Relator’s claims have now been fully litigated in accord with *590 La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
_L
APPENDIX
STATE OF LOUISIANA
VERSUS
KELVIN C. THOMAS
NUMBER 98,313, DIVISION “C”
21ST JUDICIAL DISTRICT COURT
PARISH OF TANGIPAHOA
STATE OF LOUISIANA
FILED: January 14,2015
DY. CLERK: /s/

REASONS FOR JUDGMENT

Mover was indicted for the offense of first degree murder, along with a co-defendant, Christopher Johnson. Thereafter, the State amended the charge against Mover to second degree murder. Following a jury trial, a responsive verdict of guilty of manslaughter was returned and Mover was sentenced to a term of 26 years at hard labor. The conviction was affirmed by the First Circuit Court of Appeal (2010-KA-1637.66 So.3rd 2011) and wits were subsequently denied by the Louisiana Supreme Court.
Mover thereafter, was billed as an habitual offender, and he was resentenced to a term of 40 years at hard labor. ■ Mover previously filed an application for post-conviction relief. While no explanation is given as to why the present claims were not presented, such that it could be determined whether the present application would not be repetitive, the Court has chosen to consider the current application, since it involves rather complex issues unrelated to the prior application, which was essentially to be granted an out of time appeal relative to the habitual offender proceedings.
Mover’s present arguments all relate to claims of ineffective assistance of appellate counsel in several areas, for not raising issues as to certain aspects and rulings in the trial proceedings. The first contention essentially relates to insufficiency of evidence. Mover asserts that there was little physical evidence presented, and no eyewitness identification, and that the only direct evidence was a statement made by his co-defendant, Christopher Johnson which implicated Mover. This statement was later contradicted by Johnson’s testimony at trial. As noted in the opinion of the First Circuit, Johnson’s charges were reduced by the State to manslaughter for an agreement whereby Johnson would receive a sentence of 25 years, and would testify truthfully at Mover’s trial.
Parenthetically, this Court notes that the present judge did not preside over Mover’s trial, Following the trial, the State moved to set aside Johnson’s conviction and sentence, because of the broken plea agreement. Johnson was then tried for that offense recently, at a trial at which this Court | ¡.presided, was convicted, and sentenced to life without parole. Johnson’s conviction is presently under appeal.
Mover’s third assignment of error has parallels to the first assignment of ineffective counsel for failing to raise a claim of insufficiency of evidence. The third assignment relates to the failure to raise an assignment relative to failure to object to the State’s introduction of Johnson’s original statement implicating Mover, on the basis of hearsay. This argument relies upon Article 801(D) of the Code of Evi *591 dence, which provides that in a criminal proceeding, a prior inconsistent statement is hearsay unless there is some additional corroborating evidence, which, under his first assignment error, Mover contends there is not.
However, Mover omits the additional testimony of Gary Matthews (which is also noted in the First Circuit’s opinion), Matthews testified that he plotted with Mover and Johnson to abet the attempted armed robbery at the supermarket that resulted in the death that led to this prosecution, and indicated an attic at the store where they could hide until the close of business hours, and that he was apprised on that date that they had arrived. This testimony was consistent with Johnson’s original statement. Accordingly, this Court cannot determine ineffective assistance, which would involve a conclusion that there probably would have been no conviction otherwise.
The second assignment of error raised by Mover is that appellate counsel was ineffective in not raising on appeal the trial court’s alleged denial to grant a special jury charge relative to the definition of “conspiracy” and that a jury could have concluded under such instruction that Mover was guilty at most to conspiracy to commit armed robbery.
The Court does not consider this argument logical, in that under R.S. 14:26(B) if the intended crime is consummated, the defendant may be charged with either conspiracy or the completed offense. In this case, the evidence was sufficient to show that Defendant participated in at least an attempted armed robbery, which is a predicate offense to second degree murder, and was not charged with conspiracy alone, such that the failure to give such an instruction would have likely affected the verdict in this case, and does not amount to ineffective assistance of counsel.
For these reasons, the application for post-conviction relief is denied.
Amite, Louisiana, this 12th day of January, 2015.
/s/ ■
Robert H. Morrison, III, Judge, Division “C”